# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

|  |  |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, </br></br> Plaintiff, </br></br> v. </br></br> PELLA CORPORATION AND PELLA WINDOWS AND DOORS, INC., </br></br> Defendants. | Case No.: 4:11-CV-00504-JAJ-TJS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR STAY LITIGATION

| | |
|---|---|
| Robin L. Cohen, Esq. </br> Keith McKenna, Esq. </br> KASOWITZ BENSON TORRES </br>   & FRIEDMAN, LLP </br> 1633 Broadway </br> New York, NY 10019 </br> Tel: (212) 506-1700 </br> Fax: (212) 506-1800 | Richard W. Lozier, Jr., Esq. </br> BELIN McCORMICK, P.C. </br> 666 Walnut Street, Suite 2000 </br> Des Moines, Iowa 50309-3989 </br> Tel: (515) 283-4636 </br> Fax: (515) 558-0636 |

*Attorneys for Defendants Pella Corporation and Pella Windows and Doors, Inc.*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTS .................................................................................................................. 2

    **A.** The Saltzman Lawsuit ................................................................................................ 2

    **B.** The Saltzman Defense Agreement ............................................................................. 3

    **C.** Liberty Mutual's Coverage Action ............................................................................. 3

    **D.** St. Paul's and Other Insurers' Denial of Coverage for the Saltzman
        Lawsuit ........................................................................................................................ 5

    **E.** The Newly Filed Coverage Actions ........................................................................... 5
        **1.** Hartford's Federal Declaratory Judgment Action ............................................ 5
        **2.** St. Paul's Federal Declaratory Judgment Action ............................................. 6
        **3.** Pella's Delaware Lawsuit Against All of Its Insurers ...................................... 6
        **4.** St. Paul's and Hartford's Motions for Summary Judgment ............................. 7

ARGUMENT ............................................................................................................................... 7

CONCLUSION .......................................................................................................................... 12

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Argonaut Ins. Co. v. Davel Eng'g, Inc.*,
2009 U.S. Dist. LEXIS 82204 (E.D. Wis. September 10, 2009)....................9

*Brillhart v. Excess Ins. Co. of Am.*,
316 U.S. 491 (1942).................... *passim*

*Cincinnati Indem. Co. v. A & K Constr. Co.*,
542 F.3d 623 (8th Cir. 2008) ....................9, 11

*Colorado River Water Conservation Dist. v. United States,*
424 U.S. 800 (1976)....................8

*International Ass'n of Entrepreneurs of Am. v. Angoff,*
58 F.3d 1266 (8th Cir. 1995) ....................1

*Liberty Mut. Fire Ins. Co. v. Bohms,*
2011 U.S. Dist. LEXIS 83641 (W.D. Mich. July 29, 2011)....................9

*Liberty Mut. Ins. Co. v. Pella Corp.*,
633 F. Supp. 2d 714 (S.D. Iowa 2009),
*aff'd*, 650 F.3d 1161 (8th Cir. 2011)....................3, 4

*Liberty Mut. Ins. Co. v. Pella Corp.*,
631 F. Supp.2d 1125 (S.D. Iowa 2009),
*rev'd in part*, 650 F.3d 1161 (8th Cir. 2011) ....................4

*Liberty Mut. Ins. Co. v. Pella Corp.*,
650 F.3d 1161 (8th Cir. 2011) ....................3, 4, 5

*Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co, N.A.*,
806 F.2d 411 (2d Cir. 1986)....................11

*Moses H. Cone Memo. Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....................8

*Mut. of Omaha Ins. Co. v. Rodriguez,*
2009 U.S. Dist. LEXIS 101402 (D. Kansas Nov. 2, 2009) ....................9

*Royal Indem. Co. v. Apex Oil Co., Inc.*,
511 F.3d 788 (8th Cir. 2008) ....................9

*Schlumberger Indus., Inc. v. Nat'l Surety Corp.*,
  36 F.3d 1274 (4th Cir. 1994) ................................................................................................11

*Scottsdale Ins. Co. v. Detco Indus., Inc.*,
  426 F.3d 994 (8th Cir. 2005) ..................................................................................................8

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ....................................................................................................... *passim*

**STATUTES**

28 U.S.C. § 2201, et seq. .............................................................................................................5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 19 ..........................................................................................................................10

5A WRIGHT & MILLER, § 1360 at 432 (1990 & Supp. 1995) ........................................................1

Defendants Pella Corporation and Pella Windows and Doors, Inc. (collectively, "Pella") submit this memorandum of law in support of their motion to dismiss or stay this action.

## PRELIMINARY STATEMENT

This declaratory judgment action initiated by St. Paul is one of three pending lawsuits that seek to adjudicate the responsibilities of Pella's insurers with respect to coverage for the lawsuit captioned *Dr. Leonard E. Saltzman, et al. v. Pella Corporation, et al.*, Case No. 06 C 4481, United States District Court for the Northern District of Illinois, Eastern Division (the "Saltzman Lawsuit"), in which Pella has been named as a defendant by claimants seeking damages arising out of certain aluminum clad windows manufactured and/or sold by Pella. The other two lawsuits include another declaratory judgment lawsuit initiated by Hartford against Pella before this Court, and a lawsuit filed by Pella in state court in Delaware seeking to adjudicate the responsibilities of all fourteen insurers potentially covering Pella for the Saltzman Lawsuit, including both St. Paul and Hartford.

By this motion, Pella asks the Court to dismiss or stay this action[1] and abstain from exercising jurisdiction over this action. Under established United States Supreme Court precedent in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), federal courts should abstain from exercising jurisdiction over declaratory judgment actions where no federal questions are present and a pending state court proceeding presents the same opportunity for adjudication of the same issues. St. Paul's action in this Court and Pella's Delaware action involve insurance coverage issues governed by state law, and present no federal questions for this Court to resolve. Both actions involve the same

---

[1] Pella notes that the Eighth Circuit has recognized that a motion to dismiss or stay a case when a parallel state case is pending is an appropriate pre-answer motion in addition to the motions specifically enumerated in Fed R. Civ. P. 12(b). *See International Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995); 5A WRIGHT & MILLER, § 1360 at 432, 438-41 (1990 & Supp. 1995)).

1

parties and seek to resolve St. Paul's defense and indemnity obligations for the Saltzman Lawsuit. It is indisputable that the Delaware action initiated by Pella presents St. Paul with the opportunity to resolve the issues St. Paul has raised in this action. Indeed, the Delaware action is the only pending action that can comprehensively resolve the disputes between Pella and its insurers over coverage for the Saltzman Lawsuit, as the Delaware action seeks to dispose of all disputes between Pella and all of its insurers with respect to coverage for the Saltzman Lawsuit. By contrast, this Court lacks jurisdiction to resolve the entire scope of the dispute at issue in the Delaware action because Pella lacks diversity with several of its insurers. Accordingly, this Court should abstain from exercising jurisdiction and dismiss or stay this action.

## RELEVANT FACTS

### A.     The Saltzman Lawsuit

The original Complaint in the Saltzman Lawsuit was filed against Pella on or about August 18, 2006. A First Amended Class Action Complaint was filed shortly thereafter on or about November 8, 2006. *See* Saltzman First Amended Class Action Complaint ("Saltzman First Amended Complaint"), attached as Exhibit A to the Declaration of Keith McKenna ("McKenna Dec."). The Saltzman First Amended Complaint alleged that certain "Pella" branded aluminum clad windows "contain a latent defect that allows water to penetrate and leak behind the aluminum cladding, resulting in premature wood rot and other physical damage to both the window and main structure." *Id.* ¶ 1. The named plaintiffs in the Saltzman First Amended complaint sought to bring claims individually and on behalf of a class of similarly situated individuals. *Id*. The Saltzman First Amended Complaint alleges causes of action for violations of consumer protection statutes, violations of deceptive trade practices statutes, fraud by omission, breach of implied warranty of merchantability, unjust enrichment, and declaratory relief. *Id.* ¶¶ 71-121.

2

### B. The Saltzman Defense Agreement

On or about April 29, 2008, Pella entered into an interim defense agreement (the "Saltzman Defense Agreement") with four insurers providing commercial general liability insurance to Pella during the 1990 through 2006 time period—St. Paul, Hartford, CNA and Lexington—with regard to coverage of defense costs for the Saltzman Lawsuit. *See Liberty Mut. Ins. Co. v. Pella Corp.*, 633 F. Supp.2d 714, 717 (S.D. Iowa 2009), *aff'd*, 650 F.3d 1161 (8th Cir. 2011). Liberty Mutual Insurance Company ("Liberty Mutual"), another insurer that provided commercial general liability insurance to Pella within the same time period, refused to participate in the Saltzman Defense Agreement. *See id.* Under the Saltzman Defense Agreement, the participating insurers agreed to pay a portion, but not all, of the defense costs that Pella incurred in connection with the Saltzman Lawsuit. *See id.*

### C. Liberty Mutual's Coverage Action

On November 6, 2007, Liberty Mutual filed a declaratory judgment action against Pella in the United States District Court for the Southern District of Iowa, which sought, among other relief, a declaration of its coverage obligations for the Saltzman lawsuit. *Id.* at 716. Liberty Mutual amended its complaint on April 15, 2008. *See* ECF No. 33 in Case No. 4:07-cv-00508-JEG-CFB. Pella subsequently answered Liberty Mutual's amended complaint, and asserted its own counterclaims, seeking, among other things, a declaration concerning Liberty Mutual's coverage obligations for the Saltzman lawsuit. *Pella Corp.* 633 F. Supp.2d at 716; *see also Pella Corp.*, 650 F.3d.at 1167. St. Paul, Hartford and Pella's other insurers were not parties to the Liberty Mutual coverage action because those insurers, at the time, were contributing toward Pella's defense costs in the Saltzman Lawsuit, pursuant to the Saltzman Defense Agreement. *See Pella Corp.*, 633 F. Supp.2d at 717, 726.

In several rulings and a final judgment dated March 30, 2010, the District Court adjudicated Liberty Mutual's defense obligations for the Saltzman lawsuit. *Pella Corp.*, 650

3

F.3d at 1167-68; ECF Nos. 129, 140, 192, 193 in Case No. 4:07-cv-00508-JEG-CFB.[2]  The parties never briefed, and District Court never adjudicated, Liberty Mutual's obligations to indemnify Pella for any settlement or judgment that may be entered in the Saltzman lawsuit.  Instead, the parties agreed that final judgment could be entered after the amount of Liberty Mutual's defense obligation was determined and that no other issues were pending for the District Court's resolution.  *See* Order dated 9/15/09 (ECF No. 168 in Case No. 4:07-cv-00508-JEG-CFB).[3]  On appeal, the United States Court of Appeals for the Eighth Circuit affirmed in part and reversed in part the District Court's rulings concerning Liberty Mutual's defense obligations.  In relevant part, the Eighth Circuit upheld the District Court's interpretation and construction of the Liberty Mutual policies and affirmed the District Court's determination that Liberty Mutual had a contemporaneous duty to reimburse Pella's defense costs if a complaint alleged potentially covered damages.  *Pella Corp.*, 650 F.3d at 1168-74.  The Eighth Circuit, however, reversed the District Court's determination that the Saltzman First Amended Complaint alleged an "occurrence" under the Liberty Mutual policies, which defined an "occurrence" to include "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  *Id.* at 1174-77.  The Eighth Circuit found that the Saltzman First Amended Complaint alleged that Pella knew that its windows were defective when it sold them, and that such alleged conduct could not be considered an "occurrence," as defined in Liberty Mutual's policies.  *Id.* at 1176.

---

[2] The District Court's opinion reflected in ECF No. 129 was published as *Liberty Mut. Ins. Co. v. Pella Corp.*, 633 F. Supp.2d 714 (S.D. Iowa 2009).  The District Court's opinion reflected in ECF No. 140 was published as *Liberty Mut. Ins. Co. v. Pella Corp.*, 631 F. Supp.2d 1125 (S.D. Iowa 2009).

[3] As reflected in Magistrate Bremer's Order dated September 15, 2009, Pella and Liberty Mutual agreed that the only remaining issues to be resolved by the District Court before it entered final judgment in the prior coverage action concerned reconsideration of the Court's ruling on Pella's bad-faith claim against Liberty Mutual, the existence of certain aggregate self-insured retention policies, and determination of the amount of defense costs owed by Liberty Mutual.

      **D.**      **St. Paul's and Other Insurers' Denial of Coverage for the Saltzman Lawsuit**

After the Eighth Circuit ruling in the Liberty Mutual coverage action, St. Paul and all of the insurers that had been contributing toward Pella's defense costs pursuant to the Saltzman Defense Agreement terminated their participation under the provisions of that agreement, and have not paid defense costs since the effective date of their termination. St. Paul Compl. ¶¶ 38-39 (ECF No. 1); Pella Compl. ¶ 64 (McKenna Dec. Ex. B).

      **E.**      **The Newly Filed Coverage Actions**

           **1.**      **Hartford's Federal Declaratory Judgment Action**

On or about October 20, 2011, Hartford Casualty Insurance Company and Hartford Fire Insurance Company (collectively, "Hartford") filed an action against their insured Pella Windows and Doors, Inc. in this Court. That lawsuit is captioned *Hartford Cas. Ins. Co., et al. v. Pella Windows and Doors, Inc.*, Case No. 4:11-cv-00502-RP-TJS (the "Hartford Action"). The Court's subject matter jurisdiction over the Hartford Action is based solely on the parties' diversity-of-citizenship. Hartford Compl. ¶ 5 (ECF No. 2 in Case No. 4:11-cv-00502-RP-TJS). The Hartford Action does not involve any federal questions. Instead, the action, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., seeks a declaration concerning whether and to what extent Hartford owes any defense or indemnity obligations for the Saltzman Lawsuit, under policies that collectively cover the period December 1, 1993 through September 1, 1998. *Id.* at ¶¶ 1, 7-8, 25-35. Among other things, Hartford alleges that the Saltzman Lawsuit does not involve "property damage" caused by an "occurrence" within the meaning of the Hartford policies, *id.* at ¶ 27, and that coverage is barred and/or limited for the Saltzman Lawsuit because of some fifteen other policy-based grounds. *Id.* at ¶¶ 31-34. Among those policy-based grounds is Hartford's assertion that "other insurance" is available to Pella. *Id.* at ¶ 34(l).

5

### 2. St. Paul's Federal Declaratory Judgment Action

On or about October 24, 2011, St. Paul filed this action against its insureds, Pella Corporation and Pella Windows and Doors, Inc. Like the Hartford Action, the Court's subject matter jurisdiction over this action is based solely on the parties' diversity-of-citizenship, and does not involve any federal questions. St. Paul Compl. ¶ 10 (ECF No. 1). And, like the Hartford Action, this action was brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and seeks a declaration concerning whether and to what extent St. Paul owes any defense or indemnity obligations for the Saltzman Lawsuit. *Id.* at ¶¶ 1, 6, 40-43. The St. Paul policies collectively cover the period December 11, 1989 through September 1, 2000, *see id.* at ¶ 12, and thus provide coverage during some of the same periods covered by the Hartford policies. St. Paul, like Hartford, alleges that the Saltzman Lawsuit does not involve "property damage" caused by an "event" within the meaning of the St. Paul policies, and that coverage is barred and/or limited for the Saltzman Lawsuit because of various other policy-based grounds, including St. Paul's assertion that "other insurance" is available to Pella. *Id.* at ¶¶ 40-43.

### 3. Pella's Delaware Lawsuit Against All of Its Insurers

Facing the prospect of numerous separate actions relating to their insurance coverage for the Saltzman Lawsuit, on October 26, 2011, Pella filed an action in the Superior Court of the State of Delaware, New Castle County against all fourteen of Pella's insurers for the period at issue in the Saltzman Lawsuit (the "Delaware Action").[4] Plaintiff in this action, as well as Hartford, is among the insurer defendants in the Delaware Action. Pella's Complaint seeks declaratory relief as well as damages for breach of contract and anticipatory breach of contract relating to the defendant insurers' defense and/or indemnity obligations for the Saltzman

---

[4] The Delaware Action is captioned *Pella Corp. et al v. American Casualty Company of Reading, PA et al.*, Case No. N11C-10-223 JRS.

6

Lawsuit.[5]  Pella Compl. (McKenna Dec. Ex. B) ¶¶ 2-3, 77-96.  Pella lacks diversity with several of the defendants in the Delaware Action.  *See id.* ¶¶ 4-19.  The Delaware Action, therefore, may not be removed to federal court.

### 4.     St. Paul's and Hartford's Motions for Summary Judgment

St. Paul has filed a motion for summary judgment in this action, seeking a declaration that the Saltzman Lawsuit does not allege an "event" within the meaning of its policies.  *See* ECF No. 15.  Hartford has filed a similar motion for summary judgment in its separate action.  *See* ECF No. 12 in Case No. 4:11-cv-00502-RP-TJS.  In light of the jurisdictional question presented by the instant motion, Pella sought to extend the deadline to respond to St. Paul's and Hartford's summary judgment motions until 21 days after any Answers to the St. Paul and Hartford Complaints are due.  This Court granted Pella an extension of both its deadlines to respond pending notice of the Court.  All the relief sought in St. Paul's and Hartford's motions could be addressed in the Delaware Action.

## ARGUMENT

### THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION OVER THIS DECLARATORY JUDGMENT ACTION IN FAVOR OF THE PENDING DELAWARE ACTION

It is well-established that federal courts have broad discretion to abstain from exercising jurisdiction in an action seeking relief under the Declaratory Judgment Act where another action presenting opportunity for ventilation of the same state law issues is underway in state court.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87, 290 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942).  This discretion stems from the nature of the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather

---

[5] Pella's claims in the Delaware Action with respect to Liberty Mutual are limited to claims concerning Liberty Mutual's indemnity obligations for the Saltzman Lawsuit.

7

than an absolute right upon the litigant", *Wilton*, 515 U.S. at 287 (citations omitted), and the recognition that "it will be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495, *quoted in Wilton*, 515 U.S. at 282.

Under the so called *"Brillhart-Wilton"* doctrine established by the United States Supreme Court, the sole issue for a district court to consider in determining whether to abstain from exercising jurisdiction over a federal declaratory judgment action when there is a pending state court action is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495, *quoted in Wilton*, 515 U.S. at 282. That inquiry is guided by considerations such as whether the claims of all the parties can be satisfactorily adjudicated in the state proceeding, whether necessary parties have been joined, and whether such parties are amenable to process in the state proceeding. *See Wilton*, 515 U.S. at 283; *Brillhart*, 316 U.S. at 495.

The abstention analysis under the *Brillhart-Wilton* doctrine does not consider whether the federal suit otherwise satisfies subject matter jurisdictional requirements. *Wilton*, 515 U.S. at 282. Nor do considerations of "exceptional circumstances" guide the court's determination of whether to abstain from a declaratory judgment action in favor of a parallel state court proceeding. *See Wilton*, 515 U.S. at 286 (holding that the "exceptional circumstances" test for abstention as set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memo. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), does not apply to actions brought under the Declaratory Judgment Act); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (same). Further, the abstention analysis, as the

8

*Wilton* court recognized, does not consider which action was filed first. 515 U.S. at 280, 290 (insurer's earlier-filed federal declaratory judgment action was appropriately stayed in favor of the insured's later-filed state court action).[6] Rather, so long as the pending state lawsuit "involve[es] the same parties and present[s] opportunity for ventilation of the same state law issues" then the district court should abstain from hearing the federal declaratory judgment action; otherwise it "might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495).

The United States Court of Appeals for the Eighth Circuit has strictly enforced district court abstention under the *Brillhart-Wilton* doctrine in insurance coverage litigations. In *Royal Indem. Co. v. Apex Oil Co., Inc.*, 511 F.3d 788 (8th Cir. 2008), for example, the Eighth Circuit held that the district court appropriately abstained from exercising jurisdiction over an insurer's declaratory judgment action to determine coverage obligations with respect to underlying lawsuits against its insured, where the insured had brought a parallel state court proceeding seeking a declaration as to its coverage rights for the same lawsuits. Similarly, in *Cincinnati Indem. Co. v. A & K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008), the Eighth Circuit underscored the importance of *Brillhart-Wilton* abstention when it vacated the district

---

[6] Similarly, courts recognize that an insurer's first-filed declaratory judgment action is entitled to little deference because the insured, as the "natural" plaintiff, should not have its choice of forum wrested from it. *See, e.g., Liberty Mut. Fire Ins. Co. v. Bohms*, 2011 U.S. Dist. LEXIS 83641, *18 (W.D. Mich. July 29, 2011) ("the declaratory judgment action [should] not be used to allow the 'natural defendant' to preempt the 'natural plaintiff's' choice of forum"); *Argonaut Ins. Co. v. Davel Eng'g, Inc.*, 2009 U.S. Dist. LEXIS 82204, *5 (E.D. Wis. September 10, 2009) ("Courts routinely decline to hear declaratory action where there is a 'natural' plaintiff who has filed a separate action in another venue . . . .'; "courts have been especially reluctant to hear declaratory judgment action when parallel proceedings are underway in state court."); *Mut. of Omaha Ins. Co. v. Rodriguez*, 2009 U.S. Dist. LEXIS 101402, *13-14 (D. Kansas Nov. 2, 2009) (insurer's declaratory judgment action "is attempting to wrest the choice of forum from the 'natural plaintiff'").

court's judgment for its failure to raise the issue of abstention *sua sponte* where there was a parallel state action.

Here, the factors relevant to the *Brillhart-Wilton* doctrine weigh decidedly in favor of this Court's abstention from hearing this action. The issues to be resolved in both the Delaware Action and this action involve the application of state insurance law, not federal law. All of the parties in this action are parties in the Delaware Action, and there is no indication that St. Paul is not amenable to service in Delaware. Both this action and the Delaware Action involve the same issues, as both seek to resolve St. Paul's defense and indemnity obligations with respect to the Saltzman Lawsuit. Therefore, the Delaware Action can satisfactorily resolve the same issues presented in this action, and this Court's abstention under the *Brillhart-Wilton* doctrine is appropriate.

The Court's abstention is further warranted because the Delaware Action—which includes as defendants every insurer whose insurance policies potentially provide coverage for the Saltzman Lawsuit—is the only pending coverage litigation that can resolve Pella's coverage disputes comprehensively with all of its insurers over the Saltzman Lawsuit. By contrast, allowing this action to go forward creates the distinct possibility that Pella could receive either inconsistent or incomplete relief if it were forced to litigate its coverage dispute on a piecemeal basis with its insurers. This is particularly true given that some insurers that are not parties to this action but are defendants in the Delaware Action have policy language similar to that in St. Paul's policies.

In fact, courts have held that dismissal of an insurer's declaratory judgment action against its policyholder in favor of a more comprehensive state court action is also warranted under Fed. R. Civ. P. 19 where, as here, there is a possibility that an insured may be "whipsawed" and wind up with less than the full coverage to which it is entitled because of

10

potentially inconsistent factual or legal rulings. *See, e.g., Schlumberger Indus., Inc. v. Nat'l Surety Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994) (citing *Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co, N.A.*, 806 F.2d 411, 414-15 (2d Cir. 1986)). St. Paul's Complaint, for example, alleges that it may have no coverage obligations to Pella, or only limited coverage obligations, due to "other insurance" provisions in its policies that it contends require other insurers to pay first. *See* St. Paul Compl. ¶ 43(F)(vii) (ECF. No. 1). Hartford makes similar allegations in its lawsuit. *See* Hartford Compl. ¶ 34(l) (ECF. No. 2 in Case No. 4:11-cv-00502-RP-TJS). The other insurers that are defendants in the Delaware Action also may make such claims. If the parties' disputes are not litigated in one forum, it is conceivable that the courts could reach inconsistent rulings on whether or to what extent the "other insurance" provisions apply and, if so, how those provisions affect coverage responsibilities among the insurers.

Allowing this action to go forward in the face of such risk implicates the "gratuitous interference" against which the Supreme Court cautioned. Given St. Paul's reliance on "other insurance" provisions to bar or limit its coverage obligations to Pella, St. Paul is simply in no position to argue that the Delaware Action—in which the Delaware court will interpret and apply the language of all insurers' policies, including other insurers' policies, and will issue a ruling that will be binding on all of Pella's insurers—should somehow take a backseat to St. Paul's individual litigation against Pella.[7] Accordingly, this Court should abstain from exercising jurisdiction, and dismiss or stay this action. *See A & K Constr.*, 542 F.3d at 625 (dismissal or stay is appropriate remedy for *Brillhart-Wilton* abstention).

---

[7] The fact that St. Paul has filed a motion for summary judgment in this action carries no weight in the abstention analysis. The sole inquiry under the *Brillhart-Wilton* doctrine is whether the Delaware action affords St. Paul opportunity for ventilation of the same issues. Undoubtedly, St. Paul will be able to file a substantially similar motion before the Delaware court.

11

## CONCLUSION

For the foregoing reasons, Pella respectfully requests that the Court dismiss this action or, in the alternative, stay this action pending resolution of the Delaware Action.

Dated: December 20, 2011.

Respectfully submitted,

BELIN McCORMICK, P.C.

By  /s/ Richard W. Lozier, Jr.
    Richard W. Lozier, Jr.

666 Walnut Street, Suite 2000
Des Moines, Iowa  50309-3989
Telephone:  (515) 283-4636
Facsimile:  (515) 558-0636
Email:  rwlozier@belinmccormick.com

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Robin L. Cohen
Keith McKenna
1633 Broadway
New York, NY  10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800
Email:  rcohen@kasowitz.com
        kmckenna@kasowitz.com

*Attorneys for Defendants Pella Corporation and Pella Windows and Doors, Inc.*

13

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on December 20, 2011, by

☐ U.S. Mail ☐ FAX

☐ Hand Delivered ☐ Electronic Mail

☐ FedEx/ Overnight Carrier ■ CM / ECF

| Robert L. Fanter | Ruth S. Kochenderfer |
| Amos E. Hill | Tara L. Goodwin |
| WHITFIELD & EDDY, P.L.C. | STEPTOE & JOHNSON LLP |
| 317 Sixth Avenue, Ste. 1200 | 1330 Connecticut Ave., NW |
| Des Moines, Iowa 50309 | Washington, D.C. 20036 |

Signature: */s/ L. A. Brustkern*

BELIN\P0648\0004\pld Dismiss or Stay Brief rwl (01172568).DOC

13